Walter K. Lehtonen v. Commissioner.
Lehtonen v. Commissioner
Docket No. 7504-70 SC.
United States Tax Court
T.C. Memo 1971-119; 1971 Tax Ct. Memo LEXIS 206; 30 T.C.M. (CCH) 507; T.C.M. (RIA) 71119; May 27, 1971, Filed Walter K. Lehtonen, pro se, 1540 Billing St., C-31, Aurora, Colo.John D. Moats, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency of $286.23 *207 in petitioner's Federal income tax for the year 1968. The sole issue to be decided is whether petitioner is entitled to a deduction for $1,000 in alimony payments made in 1968. All of the facts have been stipulated and are, together with the exhibits attached thereto, incorporated herein by this reference. Petitioner resided in Aurora, Colorado, at the time of filing his petition herein and filed a Federal income tax return for taxable year 1968 with the district director of internal revenue, Denver, Colorado. Petitioner claimed a deduction of $2,200 on his 1968 Federal income tax return for alimony payments made by him to his former wife. Respondent has disallowed $1,000 of this expense on the grounds that $1,000 of the payments were not periodic and therefore neither includable in the wife's income under section 71 nor deductible by petitioner under section 215. [1]
Petitioner and his wife separated in 1968. By a temporary order of the Arapahoe 508 County District Court, State of Colorado, issued on March 15, 1968, petitioner was required to pay temporary alimony of $300 per month until further *208 order of the court. The District Court granted a decree of divorce on June 6, 1968, and on July 11, 1968, entered permanent orders for the distribution of property. Pursuant to those orders, petitioner was required to transfer both the family residence and automobile to his former wife. She in turn was ordered to turn over to petitioner their mobile home. The order went on to state as follows: IT IS FURTHER ORDERED that on or before September 5, 1968 the Defendant shall pay to the Plaintiff through the Registry of This Court by money order or bank draft the sum of $500.00. IT IS FURTHER ORDERED that on or before January 5, 1969 the Defendant shall pay into the Registry of this Court in like manner the additional sum of $500.00 also for the benefit of the Plaintiff. In accordance with the above order, petitioner made payments of $250 on August 19, 1968, and September 6, 1968, and one of $500 on December 23, 1968. The dispute herein involves the deductibility of these payments. The deductibility of alimony payments is governed by section 215(a) which provides: SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husnand described in section 71, there shall *209 be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * * It is clear that deductibility under section 215(a) is dependent on satisfaction of the requirements of section 71(a), which provides: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. Respondent concedes that the payments made by petitioner meet all the reguirements of section 71(a)(1) except that they are not "periodic payments." This position is based on section 71(c)(1) which states: (c) Principal Sum Paid in Installments. *210 - (1) General rule. - For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. We think it obvious that the situation here is no more than the payment of a principal sum in installments. Had the District Court required that petitioner pay $1,000 to his former wife in two $500 payments, the periodic payment requirement of section 71(a) would clearly not have been met. While the court did not expressly state the principal sum of $1,000, the import of the two stated installments of $500 is, we believe, a $1,000 property settlement payable in two installments. We therefore conclude that the payments totalling $1,000 made by petitioner were not periodic within the meaning of section 71(a)(1) and therefore not deductible under section 215. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩